Manaro, V.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/16
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BIRMINGHAM RETIREMENT AND RELIEF
SYSTEM, et al.,

                Plaintiffs,

v.

S.A.C. CAPITAL ADVISORS, L.P., et al.,

                Defendants.

No. 13 Civ. 2459 (VM)
(KNF)

ECF CASE

### ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS, AND PROVIDING FOR NOTICE OF SETTLEMENT

      WHEREAS, as of January 21, 2015, (a) Birmingham Retirement and Relief System ("Birmingham") and KBC Asset Management NV ("KBC") (collectively, the "Wyeth Lead Plaintiffs"), on their behalf and on behalf of a class of persons similarly situated and (b) S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (collectively, the the "SAC Capital Defendants"), by and through their respective duly authorized counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of Released Wyeth Lead Plaintiffs' Claims on the merits and with prejudice (the "Settlement");

      WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

1

WHEREAS, the Court has read and considered the Settlement Agreement to determine, among other things, whether the Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Class; and

WHEREAS, the parties to the Settlement Agreement have consented to the entry of this Order;

NOW, THEREFORE, the Court, declares that it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of this Action and over the Parties.

2. <u>Class</u>. The Court hereby certifies the following class for the purposes of settlement only (the "Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

(a) All persons or entities who sold shares of Wyeth contemporaneously with the SAC Capital Defendants' purchases of Wyeth shares during the period January 14, 2008 through and including July 18, 2008; and

(b) All persons or entities who purchased shares of Wyeth contemporaneously with the SAC Capital Defendants' sales of Wyeth shares during the period July 21, 2008 through and including July 29, 2008 at 4:00 pm EDT.

The Class shall exclude the Defendants; the officers, directors, and affiliates of the Defendants at all relevant times; members of their immediate families; their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those persons and entities who submit

valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Settlement Notice.

3.      The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Class defined herein, in that:

(a)      the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b)      there are questions of law and fact common to Class Members;

(c)      the claims of the Wyeth Lead Plaintiffs are typical of the Class's claims;

(d)      the Wyeth Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class;

(e)      the questions of law and fact common to the Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any intent among Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Wyeth Lead Plaintiffs, are certified as Class Representatives for the Class.

3

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the law firms of Scott + Scott, Attorneys at Law, LLP and Motley Rice LLC are appointed Class Counsel for the Class.

6.     Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Wyeth Lead Counsel.

7.     Preliminary Findings Concerning Proposed Settlement. The Court preliminarily finds that the proposed Settlement should be approved as:  (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Wyeth Lead Plaintiffs or segments of the Class; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

8.     Settlement Hearing.   A hearing (the "Settlement Hearing") will be held on January 29 , 2016 at 11 a.m. before the Honorable Victor Marrero in Courtroom 11B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine, among other things:

(a)     whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b)     whether a Final Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit B to the Settlement Agreement should be entered, dismissing the Action in its entirety and with prejudice; whether the covenants by the Class and the release

4

by the Class of the Released Wyeth Lead Plaintiffs' Claims, as set forth in the Settlement Agreement, should be provided to the SAC Capital Defendants' Releasees; and whether the Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Wyeth Lead Plaintiffs' Claims against the SAC Capital Defendants' Releasees;

(c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) whether the Class should be finally certified for the purposes of the Settlement only; whether the Wyeth Lead Plaintiffs should be finally certified as Class Representatives for the Class; and whether the law firms of Scott + Scott, Attorneys at Law, LLP and Motley Rice LLC should be finally appointed Class Counsel for the Class;

(e) whether Wyeth Lead Counsels' application for an award of attorneys' fees and Litigation Expenses should be granted; and

(f) such other matters as may properly be before the Court in connection with the Settlement.

9. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

10. Notice. The Court approves the form, substance, and requirements of the Settlement Notice and Summary Notice (together, the "Notices") and the Proof of Claim form

5

annexed as Exhibits A-1-A-3 to the Settlement Agreement and finds that the procedures established for publication, mailing, and distribution of the Notices and Proof of Claim form substantially in the manner and form set forth in paragraphs 10-12 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Rules of this Court, and any other applicable law.

11.     Retention of Claims Administrator and Manner of Notice.  The Court approves the retention of Heffler, Radetich & Saitta LLP as the Claims Administrator to supervise and administer the notice procedure and the processing of claims under the supervision of Wyeth Lead Counsel as more fully set forth below:

(a)     Not later than ten (10) business days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Settlement Notice, substantially in the form attached hereto as Exhibit A-1, along with a Proof of Claim form, substantially in the form attached hereto as Exhibit A-3, to be sent to each Class Member who can be identified by reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to the Class Members' last known address.

6

(b)     Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Settlement Agreement as Exhibit A-2, to be published in the *Investor's Business Daily* and disseminated over *PR Newswire,* a national business-oriented wire service. The Summary Notice need not be published in each of these media on the same day.

(c)     Not later than thirty-five (35) calendar days before the Settlement Hearing, Wyeth Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

12.    Nominee Purchasers. Banks, brokerage firms, institutions, and other Persons who are nominees that purchased or sold Wyeth common stock for the beneficial interest of other Persons during the Class Period ("Nominee Purchasers") shall, within ten (10) calendar days of receiving the Notice: (a) provide to the Claims Administrator the name and last-known address of each such beneficial owner; or (b) request additional copies of the Notice and Proof of Claim form and, within ten (10) calendar days of receipt, mail the Notice and Proof of Claim form directly to such beneficial owners. Nominee Purchasers following procedure (b) shall promptly send a statement to the Claims Administrator confirming that the mailing was made as directed. The Claims Administrator shall, if requested, and upon receipt of appropriate supporting documentation, reimburse Nominee Purchasers out of the Settlement Fund solely for Nominee Purchasers' reasonable out-of-pocket expenses incurred in sending the Notice and Proof of Claim form to the beneficial owners who are potential Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further Order of this Court with respect to any dispute concerning such reimbursement.

13.     Submission of Proof of Claim Forms.  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

(a)     Any Class Member who wishes to participate in the distributions of the Net Settlement Fund must sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice. All Proofs of Claim must be submitted by first-class mail, postmarked no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court Order or by Wyeth Lead Counsel in their discretion.  If a Class Member chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail (including electronic submission), then the Proof of Claim must be actually received by the Claims Administrator no later than 120 calendar days after the Notice Date, or such other date as may be set by the Court or allowed by Wyeth Lead Counsel.  Unless otherwise ordered by the Court, any Class Member who does not sign and return a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund, but shall nonetheless be bound by the Settlement Agreement, the Judgment and the releases therein.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker-confirmation slips, broker-account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by

8

Wyeth Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Exclusions from the Class.  Any Class Member who does not timely submit a valid written request for exclusion from the Class in accordance with the instructions in the Notice and herein is a Class Member and shall be bound by all of the terms and conditions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action regardless of whether such Class Member submits a Proof of Claim form.  Requests for exclusion shall be made in writing and shall clearly state the name, mailing address, daytime telephone number, and e-mail address of the Person seeking exclusion; shall state the number of shares of Wyeth publicly traded common stock purchased or sold during the Class Period; provide documentation of such trading; and state clearly that the Person "wishes to be excluded from the Class in Birmingham Retirement & Relief System v. S.A.C. Capital Advisors, L.P., No. 13 Civ. 2459 (VM) (KNF) (S.D.N.Y.)."  Requests for exclusion must be signed by the person seeking exclusion and be submitted by first-class mail or delivered so that they are received no later than thirty (30) days before the Settlement Hearing.  A request for exclusion shall not be effective unless it provides the required information set forth herein and in the Notice and is made within the time stated herein, or the request for exclusion is otherwise accepted by the

9

Court. Any Class Member who is excluded from the Class shall not be entitled to participate in any distributions from the Net Settlement Fund.

15.     Objections to Settlement. Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed application for attorneys' fees and Litigation Expenses, may file an objection. An objector must file with the Court a written statement of his, her, or its objection(s): (a) clearly indicating the objector's name, mailing address, daytime telephone number, and e-mail address; (b) stating that the objector is objecting to the proposed Settlement, Plan of Allocation, or the application for attorneys' fees and Litigation Expenses in Birmingham Retirement & Relief System v. S.A.C. Capital Advisors, L.P., No. 13 Civ. 2459 (VM) (KNF) (S.D.N.Y.); (c) specifying the reason(s), if any, for the objection, including any legal support and/or evidence, including witnesses, that such objector wishes to bring to the Court's attention or introduce in support of such objection; (d) listing the date(s), price(s), and number(s) of shares of all purchases and sales of Wyeth publicly traded common stock during the Class Period; and (e) providing documentation of such trading. An objector must also sign his/her/its objection.   The objector must mail or deliver the objection and all supporting documentation to Wyeth Lead Counsel and to counsel for the SAC Capital Defendants.   The addresses for filing objections with the Court and service on counsel are as follows:

**TO THE COURT:**

Clerk of the Court
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

10

**TO WYETH LEAD COUNSEL:**

Scott+Scott, Attorneys at Law, LLP
Attn: Deborah Clark-Weintraub, Esq.
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174

Motley Rice LLC
Attn: Gregg S. Levin, Esq.
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

**TO COUNSEL FOR THE SAC CAPITAL DEFENDANTS:**

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Daniel J. Kramer, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064

Wilkie Farr & Gallagher LLP
Attn: Sameer Advani, Esq.
787 Seventh Avenue
New York, NY 10019

The objector, or his, her, or its counsel (if any), must serve the objection upon the counsel listed above and file it with the Court so that it is received no later than twenty-one (21) days before the Settlement Hearing. Any member of the Class who does not timely file and serve a written objection complying with the terms of this paragraph and the Notice shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, the Plan of Allocation, and the application for attorneys' fees and Litigation Expenses. Any untimely objection shall be barred. Any submissions by the Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Settlement Hearing.

16.    Appearance at Settlement Hearing. Any objector who files and serves a timely, written objection in accordance with the instructions above and in the Notice, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear on Wyeth Lead Counsel and on counsel for the SAC Capital Defendants at the addresses set out above. The objector must also file the notice of intention to appear with the Court no later than twenty-one (21) days before the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with

11

this paragraph and the Notice shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

17.  Service of Papers.  SAC Capital Defendants' Counsel and Wyeth Lead Counsel shall promptly furnish all settling parties with copies of any and all objections and notices of intention to appear that come into their possession.  All papers in support of the Settlement, Plan of Allocation, and Wyeth Lead Counsel's request for an award of attorneys' fees and Litigation Expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

18.  Notice and Administration Expenses and Escrow Matters.  As provided in the Settlement Agreement, and without further approval from the SAC Capital Defendants or further order of the Court, prior to the Effective Date, Wyeth Lead Counsel may pay the Claims Administrator out of the Settlement Fund a sum up to $ 85,000 on account of reasonable costs and expenses relating to settlement administration.  Such reasonable costs and expenses may include, without limitation, the actual costs of publication, printing, and mailing the Notices; reimbursements to nominee owners for forwarding the Settlement Notice to their beneficial owners; the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing the Notices and processing the submitted claims; and the reasonable fees, if any, of the Escrow Agent.

19.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved.  No Person who is not a Class Member or Wyeth Lead Counsel shall have any right to any portion of, or to

12

any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement. All funds held in escrow shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

20. Bar on Litigating Released Claims. Pending final determination of whether the Settlement should be approved, the Wyeth Lead Plaintiffs and all other Class Members, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of any Released Wyeth Lead Plaintiffs' Claims against any of the SAC Capital Defendants' Releasees.

21. Termination of Settlement. If the Settlement is cancelled and terminated pursuant to paragraph 40 of the Settlement Agreement, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Party, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 15, 2015. Within fourteen (14) business days after joint written notification of termination is sent by the SAC Capital Defendants' Counsel and Wyeth Class Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Wyeth Lead Counsel consistent with ¶ 18-20 of the Stipulation), less any Notice and Administration Costs and Taxes paid or due or owing shall be refunded by the Escrow Agent to the SAC Capital Defendants. In the event that the funds received by Wyeth

13

Lead Counsel consistent with ¶ 18-20 of the Settlement Agreement have not been refunded to the Settlement Fund within the fourteen (14) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the SAC Capital Defendants immediately upon their deposit into the Escrow Account consistent with ¶ 18-20 of the Settlement Agreement.

22.    Use of Order.    Neither this Order, the Memorandum of Understanding, the Stipulation (whether or not consummated), nor its negotiation, nor any proceedings taken pursuant to it (i) shall be offered against any of the SAC Capital Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the SAC Capital Defendants' Releasees with respect to the truth of any fact alleged by Wyeth Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the SAC Capital Defendants' Releasees; (ii) shall be offered against any of the Wyeth Lead Plaintiffs' Releasees, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Wyeth Lead Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (iii) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (iv) shall be construed

14

against Wyeth Lead Plaintiffs' Releasees that any of their claims are without merit, that any of the SAC Capital Defendants' Releasees had meritorious defenses, or that damages recoverable under the Joint Consolidated Second Amended Complaint would not have exceeded the Settlement Amount.

23.     Stay.  All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order.  This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24.     Jurisdiction.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this _6th_ day of January _2016_.

Victor Marrero
UNITED STATES DISTRICT JUDGE

15



**MAX SCHWARTZ**

**Writer's Direct Dial Number**
**(646) 571-0613**

**Writer's Direct Email Address**
**mschwartz@scott-scott.com**

January 5, 2016

**VIA ECF**

The Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007-1312

  Re: *Birmingham Ret. and Relief Sys. v. S.A.C. Capital Advisors, L.P,*
    No. 13 Civ. 2459 (VM) (KNF)

Dear Judge Marrero:

  We are counsel for Lead Plaintiff Birmingham Retirement and Relief System, in the action referenced above, and write on behalf of all parties regarding the hearing for Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Certification of a Settlement Class, and Approval of Notice ("Preliminary Approval Hearing") (*See* ECF No. 41). Pursuant to a conference with your clerk yesterday, the parties respectfully request that the Court schedule the Preliminary Approval Hearing for January 29, 2016 at 11:00 AM.

    Respectfully submitted,
    SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

    Max Schwartz

Cc: All Attorneys of Record

**NEW YORK**
CONNECTICUT
CALIFORNIA
OHIO
LONDON

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
THE CHRYSLER BUILDING
405 LEXINGTON AVENUE, 40th FLOOR
NEW YORK, NY 10174-4099

212-223-6444 VOICE
212 223-6334 FAX
SCOTTLAW@SCOTT-SCOTT.COM
WWW.SCOTT-SCOTT.COM