**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, et al., Individually and on Behalf of All Others Similarly Situated,

          Plaintiffs,

- against -

S.A.C. CAPITAL ADVISORS, L.P., et al.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

No. 13 Civ. 2459 (JGK) (KNF)

ECF CASE

**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING APPROVAL TO DISTRIBUTE THE BALANCE REMAINING IN THE NET SETTLEMENT FUND, OF APPROXIMATELY $110,500, TO CERTAIN CLASS MEMBERS WHO HAVE NOT RECEIVED A PAYMENT TO DATE BECAUSE THEIR CLAIM WAS SUBJECT TO DISPUTE**

Lead Plaintiffs City of Birmingham Retirement and Relief System and KBC Asset Management NV (collectively, "Lead Plaintiffs"), by their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion Requesting Approval To Distribute The Balance Remaining In The Net Settlement Fund, Of Approximately $110,500, To Certain Class Members Who Have Not Received A Payment To Date Because Their Claim Was Subject To Dispute.[1]

## INTRODUCTION

On September 6, 2019, Class Counsel were contacted by representatives of State Street Bank & Trust Company ("State Street") who alleged that one of two "bulk" claims State Street had filed in this Action on behalf of Class members, had been erroneously disallowed by the Claims Administrator, Heffler Claims Group LLC ("Heffler"). *See* Deborah Clark-Weintraub Decl. ¶6. State Street asserts that the "bulk" claims were timely filed before the claims deadline and that missing information needed to process the underlying customer claims requested by Heffler in a deficiency letter was timely supplied on a CD sent to Heffler on June 19, 2017. *Id*. Heffler agrees that the two "bulk" claims were timely filed and that a CD was received. *Id*. ¶7. But it maintains that the information on the CD concerned only the first "bulk" claim, since Heffler's claims processing system contains the information sought in the deficiency letter for the first "bulk" claim but not the second. *Id*. Heffler is unable to locate the CD to confirm its contents. *Id*.

After that, Heffler asserts that it sent a final determination letter to State Street via First Class Mail warning that the second "bulk" claim would be rejected unless the missing information was received. *Id*. ¶8. When State Street did not respond to that letter, Heffler disallowed the

---

[1] All capitalized terms not defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated December 21, 2015 ("Stipulation"), filed with the Court on December 23, 2015.

1

second "bulk" claim due to the information that the deficiency letter said was missing, and finalized the initial distribution to Authorized Claimants, which the Court approved. *Id*. State Street claims that it did not receive the final determination letter and that it discovered that its second "bulk" claim had been disallowed only after it received the distribution for its first claim, but not its second. *Id*. If State Street's second "bulk" claim had been processed using the information State Street maintains was provided, the claim would have received a distribution from the Net Settlement Fund of $1,163,283.08. *Id*. ¶10.

State Street has now requested that the funds remaining in the Net Settlement Fund, a total of $110,589.80, be distributed to its disallowed second claim. Given the equities, Class Counsel does not oppose State Street's request. There is no way for Class Counsel to determine whether Heffler erred in disallowing the claim as State Street alleges. Since Heffler cannot locate the CD it received from State Street, Class Counsel cannot confirm whether it contained the necessary information to cure the deficiencies in the second "bulk" claim as State Street asserts. Likewise, since the final determination letter was sent by Heffler via First Class Mail, there is no way to confirm whether the letter was received by State Street. Distribution of the remaining funds to State Street will not prejudice other Authorized Claimants who already received an initial distribution, as Heffler has advised that it is not logistically feasible and economically justifiable to reallocate and distribute these remaining funds (*see* Sincavage Decl. ¶12), and those funds would otherwise be distributed to a *cy pres* candidate pursuant to the Court's September 4, 2018 Order granting Lead Plaintiffs' Unopposed Motion for Distribution of Class Settlement Fund (the "Distribution Order") as opposed to Class members.

**ARGUMENT**

Until the fund created by a settlement is distributed, a court "has the inherent power and duty to protect unnamed, but interested persons." *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (quoting MANUAL FOR COMPLEX LITIGATION (THIRD) §30.47 (1995)) ("'[T]he equitable powers of the court may be invoked to deal with other problems that commonly arise during administration of the settlement.'"). These equitable powers have been invoked by the courts in dealing with late-filed claims and determining whether they are entitled to share in the settlement fund. *See*, *e.g.*, *In re Cendant Corp. Prides Litig.*, 311 F.3d 298 (3d Cir. 2002) (holding that the balance of the equities favored allowing claim notwithstanding late response to deficiency letter).

A balancing of the equities in this Action would seem to support allowing State Street's disallowed claim to the extent of the balance remaining in the Net Settlement Fund. In this Action, there is no reversion of unclaimed funds to Defendants. Moreover, all Class members whose claims were initially allowed have been paid, and Heffler has advised that it is not logistically feasible and economically justifiable to reallocate and distribute the balance remaining in the Net Settlement Fund among Authorized Claimants. *See* Sincavage Decl. ¶12. Indeed, the latter have arguably received a windfall as some portion of the recovery they received would otherwise have gone to State Street's unpaid claim. *Orthopedic*, 246 F.3d at 324. Moreover, the injured Class members represented by State Street should receive compensation before the designated *cy pres* recipient who would otherwise receive the funds.

## CONCLUSION

For all of the foregoing reasons, Class Counsel do not oppose modification of the Distribution Order to permit distribution of the balance remaining in the Net Settlement Fund to State Street's unpaid claim.

Dated: June 5, 2020
       New York, New York

    SCOTT+SCOTT ATTORNEYS AT LAW LLP

    By: *s/ Deborah Clark-Weintraub*
    Deborah Clark-Weintraub
    Max R. Schwartz
    Thomas L. Laughlin
    The Helmsley Building
    230 Park Avenue, 17th Floor
    New York, NY 10169
    Telephone:  (212) 223-6444
    Fax:  (212) 223-6334
    dweintraub@scott-scott.com
    mschwartz@scott-scott.com
    tlaughlin@scott-scott.com

    MOTLEY RICE LLC
    By: *s/ Gregg S. Levin*
    Gregg S. Levin
    28 Bridgeside Blvd.
    Mount Pleasant, SC 29464
    Telephone:  (843) 216-9000
    glevin@motleyrice.com

    -and-

    William H. Narwold
    One Corporate Center
    20 Church St., 17th Floor
    Hartford, CT 06103
    Telephone:  (860) 882-1676
    bnarwold@motleyrice.com

    *Lead Counsel and Counsel for Wyeth Lead Plaintiffs Birmingham Retirement and Relief System and KBC Asset Management NV*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which operates to send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and that I caused the foregoing document or paper to be mailed via the United States Postal Service to non-CM/ECF participants indicated on the Manual Notice List.

*s/ Deborah Clark-Weintraub*
Deborah Clark-Weintraub
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Fax: (212) 223-6334
dweintraub@scott-scott.com